# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

TAVARIS THURMON, )
)
    Petitioner, )
)
v. ) Case No. 12-3520-CV-H-BCW
)
WARDEN LINDA SANDERS, )
)
    Respondent. )

## REPORT AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court for a writ of habeas corpus challenging his guilty plea and sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be recommended that he be denied leave to proceed *in forma pauperis,* and the petition be **DISMISSED without prejudice**.

### BACKGROUND

In his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, the petitioner alleges that his current incarceration is illegal because at the time he signed the plea agreement and was sentenced, he was mentally incompetent, and because his attorney was ineffective (Doc. 1). In response to the Court's order to show cause, the respondent argues that this court lacks jurisdiction to hear the petitioner's challenge to his sentence because it was imposed by the district court for the Eastern District of Pennsylvania, and that is only that court in which he may

challenge his conviction and sentence (Doc. 5). Counsel for the petitioner has also filed a motion to withdraw as attorney, conceding that the Court lacks jurisdiction to hear the claims (Doc. 6).

## DISCUSSION

An inmate in federal custody may challenge the constitutionality of a federal conviction or sentence by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, in the sentencing court. The court where the inmate is incarcerated lacks jurisdiction to hear collateral challenges raised in a petition for writ of habeas corpus brought under 28 U.S.C. § 2241, *see Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir. 1977), unless the petitioner can show that section 2255 is inadequate or ineffective to test the legality of his detention, *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The petitioner bears the burden of demonstrating that inadequacy or ineffectiveness. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

The petitioner has not met his burden to show that section 2255 is inadequate or ineffective to challenge his guilty plea and sentence. The petitioner provides no indication whether he already filed a motion under section 2255 in the sentencing court, whether he is procedurally barred from filing such a motion, or whether such a motion is otherwise inadequate or ineffective to test the legality of his detention. Absent such a showing, this Court lacks jurisdiction to hear his claims for relief in the pending section 2241 petition. The undersigned therefore recommends that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

Consequently, because the undersigned finds no issues presented which are entitled to habeas corpus relief, the Motion to Withdraw as Attorney filed by counsel for the petitioner is **GRANTED**.

## CONCLUSION

Therefore, based on all the foregoing, **IT IS HEREBY RECOMMENDED** that the petitioner be denied leave to proceed *in forma pauperis* and that the petition for writ of habeas corpus be **DISMISSED without prejudice**.[1]

**DATED: August 22, 2013**

/s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**

---

[1] Pursuant to Local Rule 74.1, the petitioner has fourteen (14) days within which to file written objections to the Report and Recommendations of the United States Magistrate Judge.